OPINION OF THE COURT
W. Patrick Falvey, J.
*266 There is a dearth of case law addressing the issue of whether or not the petitioner’s Tier III hearing afforded this defendant due process under the Federal Constitution concerning his temporary release status.
The petitioner, Kent Kroemer, filed a CPLR article 78 petition, alleging various violations of his due process rights and errors in the respondent’s removal of petitioner from the temporary release program. The court issued an order to show cause on August 11, 2003, directing the respondent to show cause, by written submission only, on or before September 30, 2003, why the relief requested should not be granted.
The respondent failed to timely serve the petitioner with the responding papers, having mailed them to the petitioner at the wrong facility. The petitioner asks the court to dismiss the proceeding for this tardiness in violation of the court’s order to show cause.
CPLR 7804 (e) provides: “Should the body or officer fail either to file and serve an answer or to move to dismiss, the court may either issue a judgment in favor of the petitioner or order that an answer be submitted.”
CPLR 2001 provides: “At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded.”
Here, the respondent quickly remedied the error and sent the answer and supporting papers to the petitioner at his correct address. Thus, the court concludes that the matter shall be determined on the merits, and the petitioner’s motion for judgment in petitioner’s favor due to respondent’s late response is denied.
The petitioner, a state prisoner, was accepted into the temporary release program (TRP) of the New York Department of Correctional Services. After 15 months in the program, at which time he was employed and participating in a “Five and Two” schedule, that is, spending five days at home and two days per week in the facility, petitioner was removed from the program and returned to prison full time.
The petitioner had received two speeding tickets, one on February 23, 2003 and the other on April 7, 2003. Based on these tickets, a misbehavior report was issued on April 10, 2003, charging the petitioner with a temporary release violation and *267 false statements or information. (Return, exhibit C.) A Tier III disciplinary hearing was held on April 22, 2003, regarding the misbehavior report. The petitioner was present on both occasions and a written transcript of the hearing was produced. (Return, exhibit I.) The hearing officer found the petitioner not guilty of the false statements or information charge and guilty of the temporary release violation, i.e., “I promise that my conduct will not be a menace to the safety or well-being of myself, other individuals or to society.” (7 NYCRR 1902.1 [8] [c].) The hearing officer relied only on the second alleged speeding ticket in finding the petitioner guilty of said temporary release violation (return, exhibit J).
As required by 7 NYCRR 1904.2 (f), the hearing officer referred the Tier III hearing to the temporary release committee (TRC) for review. Since the petitioner was no longer present at the facility where the TRC was meeting to review the matter, the petitioner was not present at said meeting, which occurred on May 1, 2003. (7 NYCRR 1904.2 [k].) It does not appear from the record presented that the petitioner was given advance notice of the May 1, 2003 meeting.
On May 1, 2003, the TRC recommended that petitioner be removed from the TRP and the acting superintendent subsequently removed the petitioner from the program for disciplinary reasons. (Return, exhibit L.) Petitioner administratively appealed the determination of the superintendent and the appeal was denied.
The petitioner asserts that his due process rights were violated when he was not allowed to participate in the TRC removal hearing. (See Anderson v Williams, 173 Misc 2d 65 [1997].)
The Second Circuit United States Court of Appeals has held that prison inmates in a temporary release program must receive a hearing prior to revocation of their release status. (Tracy v Salamack, 572 F2d 393, 395-396 [1978].) The court in Anderson v Recore (317 F3d 194 [2003]) adopted the rationale of the District Court in Tracy v Salamack (440 F Supp 930, 933 [1977]) concluding that such inmates were entitled to a hearing by applying the following two-prong test:
1. The prisoner demonstrates that he has suffered a grievous loss of liberty within the meaning of Morrissey v Brewer (408 US 471 [1972]) (Anderson at 195). (The fact that the prisoner had been out of prison on work release.)
*268 2. The prisoner shows a right of expectation arising out of federal or state law or practice that protected him against the loss. (Id. at 198, citing Tracy v Salamack, supra at 933.) (Entitlement to continued temporary release status was found in the wording of the temporary release agreement signed by the plaintiffs and in the official policy of New York for implementing the temporary release statute.) (See Anderson v Recore, supra at 198.)
The Second Circuit concluded in Anderson v Recore (supra) that the Supreme Court in Sandin v Conner (515 US 472 [1995]), by affirming the validity of Morrissey (supra) and Meachum v Fano (427 US 215 [1976]), implicitly affirmed Tracy v Salamack (572 F2d 393 [1978]), because Tracy explicitly rests upon Morrissey and Meachum. The court said, “Morrissey itself established that once the State has given an inmate the freedom to live outside an institution, it cannot take that right away without according the inmate procedural due process.” (Anderson v Recore, supra at 200.)
The question before this court is whether the Tier III hearing afforded the petitioner satisfied the procedural due process to which the petitioner was entitled as a work release participant.
For the procedures afforded a prisoner to pass due process muster under Morrissey (supra at 486-489), the following rights must be given him:
1. Written notice of the claimed violations of work release rules;
2. Disclosure to the prisoner of the evidence against him;
3. Opportunity to be heard in person and to present witnesses and documentary evidence;
4. The right to confront and cross-examine adverse witnesses;
5. A “neutral and detached” hearing body;
6. A written statement by the factfinders as to the evidence relied on and reasons for revoking work release status.
Petitioner states in paragraph 19 of his verified amended petition: “It should also be noted that petitioner was removed from said TRP without any notice of the specific reasons he was being considered for removal, without meeting with any TRC member, and without participating in the removal hearing.”
Respondent in her memorandum of law points out that since petitioner had a full Tier III hearing, and he was no longer at the facility where the TRC was meeting, he was given all process he was entitled to under the regulations. (See 7 NYCRR 1904.2 [b]-[f].)
*269 The court has examined the transcript of the Tier III hearing (return, exhibit I), and notes that the petitioner was not told by the hearing officer that his temporary release was in jeopardy due to the findings of the hearing officer and that the matter would be forwarded to the TRC for their review. The written disposition (return, exhibit K) likewise did not inform the petitioner that the TRC would be reviewing his status in the TRI] and what claimed violations were being considered by the TRC. It also appears that the TRC did not have access to the recording of the Tier III hearing, or any written transcript of it when it held its hearing.
On a careful review of the “Continuous Temporary Release Program TRC Review Form” there is no mention of the recording or any transcript therefrom, nor do the statements contained in that form make mention of any testimony presented at the hearing or the findings by the hearing officer. Further, as the petitioner notes, the TRC made different findings than the Tier III hearing officer. Specifically, after considering all the evidence presented in the Tier III hearing, the hearing officer did not find the petitioner “guilty” concerning the violation involving the first speeding ticket. Yet, the TRC based its recommendation to remove the petitioner for disciplinary reasons on the conclusion that the petitioner “jeopardized safety of community receiving two speeding citations while on TR. Violation of rules/regulation by this conduct.” (Return, exhibit L [emphasis added].)
It appears to this court that although the respondent did not violate the removal procedures set forth in 7 NYCRR 1904.2, such procedures did not adequately protect this petitioner’s constitutional due process rights.
Specifically, the petitioner was never apprised that the outcome of the Tier III disciplinary proceeding could affect his temporary release status. He was not given written notice of the claimed violation of the work release rules that were being considered by the TRC. He was not apprised of the evidence that was to be forwarded to the TRC to be used against him. He was not apprised of, nor was he given any opportunity to present proof in opposition to any proof that was presented to the TRC. There is nothing in the record to indicate that the TRC reviewed the audio recording of the Tier III hearing during the TRC hearing. Nor are there any provisions in the removal procedure (7 NYCRR 1904.2) that indicate that when an inmate is absent from the hearing, the TRC reviews the Tier III hearing *270 recording. Such a procedure would at least insure that the TRC had before it evidence presented by the inmate, and not just evidence provided by the facility.
The petition is granted. The matter is returned to the TRC for a hearing in the presence of the petitioner (or, if the petitioner is in another facility, following a meeting of the petitioner with the temporary release committee chairperson at the receiving facility with a record of that meeting made, and forwarded to the TRC), following the procedures set forth in 7 NYCRR 1904.2 (l).